UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NOELLE A. EDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-00064-SEP ) |
| KILOLO KIJAKAZI, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, the Acting Commissioner of Social Security, denying the application of Plaintiff Noelle A. Eder for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.    BACKGROUND**

On December 29, 2017, Plaintiff filed for DIB (Tr. 138-39), and on June 25, 2018, Plaintiff applied for SSI (Tr. 267-72), alleging that she had been unable to work due to disability since March 25, 2017. Plaintiff alleged disability due to bipolar disorder, attention deficit hyperactivity disorder, cyclothymia, anxiety, shingles, premenstrual dysphoric disorder, thyroid problems, and temporomandibular joint dysfunction. (Tr. 309). Her applications were denied, and Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 138-39, 151). On February 6, 2020, the ALJ held a hearing on Plaintiff's claim. (Tr. 35-80).

In an opinion issued on March 19, 2020, the ALJ found Plaintiff was not disabled as defined in the Act. (Tr. 14-34). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council, which, on November 10, 2021, denied her Request for Review. (Tr. 3-7). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Social Security Administration.

**II.     STANDARD FOR DETERMINING DISABILITY UNDER THE ACT**

To be eligible for benefits under the Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[1] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611. At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations." *Moore v.*

---

[1] All references throughout this opinion are to the version of the regulations that was in effect as of the date of the ALJ's decision.

2

*Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if he cannot make such an adjustment, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.    THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date; that Plaintiff has the severe impairments of major depressive disorder, generalized anxiety disorder, bipolar disorder, cyclothymia, and attention deficit hyperactivity disorder; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 17-34). The ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels, but with nonexertional limitations including being limited to routine, repetitive tasks and has sufficient concentration to persist in such tasks at an acceptable pace with few changes in work setting; she cannot work at a production rate pace such as assembly line work; and she can have only occasional interactions with supervisors and coworkers, no contact with the general public, and no tandem tasks. (Tr. 22).

The ALJ found that Plaintiff's impairments precluded her from her past relevant work. (Tr. 28). However, considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert, the ALJ found that Plaintiff would be able to perform occupations including cleaner (Dictionary of Occupational Titles (DOT) No. 919.687-014, medium exertion level, 55,300 jobs in the national economy), salvage laborer (DOT No. 929.687-022, medium

exertion level, 12,121 jobs in the national economy), and photocopier machine operator (DOT No. 207.685-014, light exertion level, 10,381 jobs in the national economy). (Tr. 29). The ALJ concluded that Plaintiff was not disabled, as defined in the Act, from the alleged onset date through the date of the decision. (Tr. 29).

### IV.     STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### V.     DISCUSSION

Plaintiff challenges the ALJ's decision, asserting that (1) substantial evidence does not support the ALJ's RFC determination because the ALJ's hypothetical questions to the Vocational Expert (VE) did not accurately characterize her limitations; (2) the ALJ did not give due

4

consideration to the opinions of her treating physicians;[2] (3) the ALJ failed to consider the "cumulative effects" of Plaintiff's various conditions; (4) the ALJ unfairly discredits claimant's subjective complaints; and (5) the ALJ did not make adequate findings regarding the demands of the jobs she found Plaintiff could perform in Step Five.  Defendant argues that the ALJ properly evaluated and considered all evidence of record when reaching the RFC; the ALJ's hypothetical question to the VE was proper; the ALJ properly considered and evaluated Plaintiff's physicians' opinions; the ALJ adequately considered the jobs discussed in Step Five; and substantial evidence otherwise supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs.  Based on a careful review of the record, and for the reasons stated in the ALJ's opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and further finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).  The Court specifically finds that the ALJ's hypothetical question to the VE was supported by substantial evidence; that the ALJ properly considered Plaintiff's treating physicians' opinions, as well as her impairments and subjective symptoms; and that the ALJ made sufficient findings with respect to the jobs in Step Five.

The Court acknowledges that the record contains conflicting evidence, and the ALJ could have reached a different conclusion.  However, this Court's task is not to reweigh the evidence presented to the ALJ.  The ALJ's weighing of the evidence here fell within the available "zone of

---

[2] Plaintiff cites case law granting special deference to the opinion of a treating physician under the so-called "treating physician rule," *see* Doc. [8] at 8, but that rule is no longer applicable. As Plaintiff's brief acknowledges, for claims filed on or after March 27, 2017, such as this case, newer medical opinion evidence regulations apply.  *See* Doc. [8] at 8-9.  "The rule that a treating source opinion is entitled to controlling weight has been eliminated."  *Feldhaus v. Saul*, 2020 WL 5594062, at *5 n.1 (E.D. Mo. Sept. 18, 2020); *see also Jarmon v. Kilolo Kijakazi*, 2023 WL 2378523, *1 (8th Cir. Mar. 7, 2023) (20 C.F.R. § 404.1520c "explicitly abrogates the treating source rule.").

5

choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI.   CONCLUSION

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record.  Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 20th day of March, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE